# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-055V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                           *
MEGHAN HEPLER,                             *
                                           *    Filed:  May 21, 2015
              Petitioner,                  *
                                           *
       v.                                  *    Decision by Stipulation; Interim
                                           *    Attorney's Fees and Costs
SECRETARY OF HEALTH AND                    *
HUMAN SERVICES,                            *
                                           *
              Respondent.                  *
                                           *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Thomas P. Gallagher*, Somers Point, NJ, for Petitioner.

*Lisa A. Watts*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## INTERIM ATTORNEY'S FEES AND COSTS DECISION[1]

On January 24, 2014, Meghan Hepler filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] After Petitioner filed medical records in support of her claim, Respondent filed a Rule 4(c) report indicating that based on the existing record Petitioner had failed to establish entitlement to compensation. *See* Respondent's Rule 4(c) Report, dated Oct. 7, 2014 (ECF No. 21) at 10. Petitioner subsequently filed an expert report in this case on February 18, 2015. ECF No. 24. Respondent then filed a

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 to 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

responsive expert report on April 29, 2015. ECF No. 26. Both parties also filed their expert's curriculum vitae, as well as the scientific or medical literature relied upon by their respective experts.

Petitioner's counsel filed a status report on April 29, 2015, indicating that he would be transferring this case to another attorney (ECF No. 25), and the parties have now filed a stipulation regarding interim attorney's fees and costs (Stipulation of Facts Concerning Interim Attorneys' Fees and Costs, dated May 11, 2015 (ECF No. 27) at 1-2). The parties agree that Petitioner's existing counsel should receive attorney's fees in the amount of $16,000.00, and attorney's costs in the amount of $2,113.91. These sums represent amounts to which Respondent does not object. Stipulation of Facts Concerning Interim Attorneys' Fees and Costs, dated May 11, 2007 (ECF No. 27) at 1-2. In addition, and in accordance with General Order No. 9, Petitioner seeks reimbursement for $1,217.31. *Id.* at 2.

I approve the requested amount for interim attorney's fees and costs as reasonable, given the history of this matter. Accordingly, (i) an award of $18,113.91 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Thomas P. Gallagher, Esq., and (ii) an award of $1,217.31 should be made in the form of a check payable to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.