# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-55V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * *
                                       *      Special Master Corcoran
MEGHAN HEPLER,                         *
                                       *
                 Petitioner,            *      Filed:  June 8, 2016
                                       *
           v.                          *
                                       *      Decision; Attorney's Fees and
SECRETARY OF HEALTH                    *      Costs; Reconsideration.
AND HUMAN SERVICES,                    *
                                       *
                 Respondent.           *
                                       *
* * * * * * * * * * * * * * * * * * * *
```

*Carol L. Gallagher*, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for Petitioner.

*Lisa A. Watts*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ORDER DENYING MOTION FOR RECONSIDERATION OF ATTORNEY'S FEES AND COSTS DECISION[1]

On January 24, 2014, Meghan Hepler filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] ECF No. 1. On May 18, 2016, the parties filed a stipulation proposing an award of compensation. ECF No. 54. I

---

[1] Because this ruling contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole ruling will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

subsequently issued a decision on May 19, 2016, concluding that the stipulation was reasonable, and therefore adopting it as my decision awarding Petitioner damages. ECF No. 56.

Because Petitioner prevailed in the matter, she was entitled to an award of attorney's fees and costs, and to that end filed an application requesting the total sum of $31,539.43, plus $750.00 in out-of-pocket expenses payable directly to Petitioner. ECF No. 55. I granted Petitioner's Application in part, by Decision dated June 6, 2016 (ECF No. 62), reducing the amount of attorney's fees and costs awarded to $22,469.33. Ms. Hepler's Fees Application had requested an hourly rate ($350 per hour) that was contrary to a determination I had made just six months earlier, in a case entitled *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *8-12 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). In *Gonzalez*, I had specifically found that Carol Gallagher – the same lawyer representing Ms. Hepler in the present matter – was not entitled to the higher "forum rate" for Vaccine Program practitioners, and instead awarded her fees based on an hourly rate determination of $315, consistent with her geographic area of practice.

Petitioner has now moved for reconsideration of my fees decision, pursuant to Vaccine Rule 10(e). Motion for Reconsideration, dated June 7, 2016 (ECF No. 63). She argues that the requested rate is consistent with the range established for experienced attorneys like Ms. Gallagher, as set forth in a recent decision, *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). She also cites to an unpublished fees decision involving Ms. Gallagher in which the Chief Special Master awarded her fees purportedly based upon this $350 hourly rate, *Major v. Sec'y of Health & Human Servs.*, No. 15-1449V, *slip op.* (Fed. Cl. Spec. Mstr. May 10, 2016). And she notes that Respondent did not offer an objection to the requested $350 hourly rate.

Petitioner's arguments are unpersuasive. First, it is well understood in the Vaccine Program that the decisions of other special masters are not binding in other cases. *Guillory v. Sec'y of Health & Human Servs.*, 59 Fed. Cl. 121, 124 (2003), *aff'd*, 104 F. App'x 712 (Fed. Cir. 2004). Accordingly, the fact that an attorney might have been paid more in a different case does not compel the same result herein. Nor am I prevented, in the exercise of my discretion, from making *sua sponte* adjustments to a fees request simply because Respondent does not raise objections. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009).

Second, the authorities referenced by Petitioner do not undercut my finding herein that, consistent with *Gonzalez*, Ms. Gallagher should not receive an in-forum rate. *McCulloch* involved setting hourly rates for attorneys that were unquestionably practicing "in forum," and therefore were not subject to the exception[3] applied when a Program practitioner performs the bulk of her

---

[3] *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008) (citing *Davis Cnty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. E.P.A.*, 169 F.3d 755 (D.D.C. Feb. 26, 1999)).

2

work in a location in which local rates are substantially below the rates applied to the Court of Federal Claims' Washington, DC forum. In *Gonzalez*, however, I determined (relying in part on *McCulloch*, which was decided prior to *Gonzalez*) that this exception *did* apply to Ms. Gallagher, given the Southern New Jersey forum in which she practices. Accordingly, the rate ranges established in *McCulloch* are not relevant.

The *Major* decision is similarly inapposite. There, fees were awarded based on a request that Respondent expressly did not oppose. *Major*, No. 15-1449V, at 2. In addition, the decision contains no discussion of what the proper rate should be for Ms. Gallagher. It thus does not set forth a reasoned analysis for why a higher rate is appropriate for her.

As I noted in my initial fees decision, Petitioner's Fees Application made no mention of my earlier determination in *Gonzalez* – which analyzed the proper rate to be paid Ms. Gallagher in great detail. Thus, Petitioner did not argue that *Gonzalez* was in error or should be disregarded herein. Petitioner's Reconsideration Motion does offer assertions about Ms. Gallagher's skill and experience, as well as the nature of the work performed in this matter. However true those assertions may be, they do not bear on whether the *Davis* exception applies to her, as I already determined in *Gonzalez*.

I therefore find (in exercising my discretion) that the interests of justice do not compel revision of my original Fees Decision. Vaccine Rule 10(e)(3); *R.K. v. Sec'y of Health & Human Servs.*, No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011) (within the special master's discretion to decide what the "interest of justice" is in a given case in determining whether to grant motion for reconsideration).

Accordingly, the Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master